IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL DAVIS, as Trustee of the Paul Davis and
JoAnn V. Davis Revocable Trust, General Partner
of The Davis Ltd. Partnership, and
RAMAH LAND & CATTLE COMPANY, INC.,

        Plaintiffs,

vs.

FREDDIE JOHN SCOTT, JAMES H. MEISNER,
ARTURO CANDELARIA, BENNIE COHO,
ISAAC F. PADILLA, acting as the Board of
County Commissioners of the County of Cibola,
New Mexico, and in their capacities as individuals;
and DAVID ULIBARRI, acting as the Acting
County Manager of the County of Cibola and as an
individual,

        Defendants.

Civ. No. 02-693 MV/RLP

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction and Memorandum of Law in Support, filed July 5, 2002 **[Doc. No. 11]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that Defendants' motion is well-taken and will be **GRANTED.**

### BACKGROUND

A dirt road ( the "Road") runs through Plaintiffs' property. Plaintiffs claim that the Road is private, while Defendants allege that it is part of Forest Road 157, which is maintained by the County of Cibola (the "County") and used by the public. Plaintiffs placed locked gates on the Road. Agents of the County removed the gates, thereby restoring the public's access to the

Road.  As a consequence of the County's removal of the gates, Plaintiffs filed the instant action in federal court and another action in state district court.  In the state court action, Plaintiffs claim a violation of New Mexico's inverse condemnation statute.  In this action, Plaintiffs claim violations of their rights under the Takings Clause and their rights to due process and equal protection.  In support of both actions, Plaintiffs make identical allegations and seek the identical relief of ten million dollars as just compensation for the County's removal of the gates.

On July 5, 2002, Defendants filed the instant motion to dismiss on the ground that, because Plaintiffs' inverse condemnation claim is pending and unresolved, the federal constitutional claims raised in this action are not ripe for review by this Court.  Accordingly, Defendants argue, this Court lacks subject matter jurisdiction and the complaint herein must be dismissed.  Plaintiffs' response in opposition to Defendants' motion was filed on July 29, 2002. Defendants' reply papers followed on August 8, 2002.

## STANDARD

The determination of whether a claim is ripe for review "bears on the court's subject matter jurisdiction under Article III of the Constitution." *Bateman v. City of West Bountiful*, 89 F.3d 704, 706 (10th Cir. 1996).  A challenge to a claim based on ripeness thus is properly brought as "a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *Id.*  If, as here, there is a challenge to the Court's subject matter jurisdiction, "the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

**DISCUSSION**

I.    <u>Fifth Amendment Takings Claim</u>

Plaintiffs allege a violation of the Takings Clause of the Fifth Amendment based upon the County's removal of their gates. "The Fifth Amendment, applied to the states through the Fourteenth Amendment, prohibits takings absent just compensation from the state." *J.B. Ranch, Inc. v. Grand County*, 958 F.2d 306, 308 (10th Cir. 1992). What is prohibited by the Fifth Amendment is not the government's taking of its citizens' property, but rather the government's taking of property "without paying just compensation." *Miller v. Campbell County*, 945 F.2d 348, 352 (10th Cir. 1991), *cert. denied*, 502 U.S. 1096 (1992). Accordingly, in order to state a claim under the Fifth Amendment, an "aggrieved property owner must show first that the state deprived him of his property, and second, that the state refused to compensate him for his loss." *Id.* The Supreme Court has held that "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the [Takings] Clause until it has used the procedure and been denied just compensation." *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985). In those states, such as New Mexico, which allow "an inverse condemnation action in order to recover compensation for property taken by the state, a Fifth Amendment takings claim is not ripe until the aggrieved property owner 'has used the procedure and been denied just compensation.'" *Miller*, 945 F.2d at 352 (citing *Williamson*, 473 U.S. at 195); *see also J.B. Ranch,* 958 F.2d at 309; *Bateman*, 89 F.3d at 708-09.

In the instant case, Plaintiffs have pending under New Mexico law an inverse condemnation action to recover compensation for the removal of their gates. As there has been

no final resolution of that inverse condemnation action, at this point, Plaintiffs have not "used the procedure and been denied just compensation." *Williamson*, 473 U.S. at 195. Because Plaintiffs "have not yet been turned away empty-handed, it is not clear whether their property has been taken without just compensation." *Miller*, 945 F.2d at 352. This Court therefore finds that Plaintiffs' Fifth Amendment takings claim is not yet ripe for review in federal court.

II.     Fourteenth Amendment Due Process and Equal Protection Claims

In addition to invoking the Takings Clause of the Fifth Amendment, Plaintiffs allege that the County's removal of their gates violated their Fourteenth Amendment due process and equal protection rights. These claims, however, "stand on no firmer jurisdictional footing" than do Plaintiffs' Fifth Amendment claims. *Bateman*, 89 F.3d at 709. "The Tenth Circuit repeatedly has held that the ripeness requirement of *Williamson* applies to due process and equal protection claims that rest upon the same facts as a concomitant takings claim." *Id.*; *see, e.g., Rocky Mountain Materials & Asphalt, Inc. v. Board of County Comm'nrs of El Paso County*, 972 F.2d 309, 311 (10th Cir. 1992); *J.B. Ranch*, 958 F.2d at 309-10; *Miller*, 945 F.2d at 352-53. The Tenth Circuit has expressed reluctance "in the context of a factual situation that falls squarely within [the Takings Clause] to impose new and potentially inconsistent obligations upon the parties under the substantive or procedural components of the Due Process Clause." *Miller*, 945 F.2d at 352. Where a plaintiff alleges that he or she was denied a property interest without due process, and the loss of that property interest is the same loss upon which his or her takings claim is based, it is appropriate "to subsume the more generalized Fourteenth Amendment due process protections within the more particularized protections of the [Takings] Clause." *Miller*, 945 F.2d at 352.

In the instant case, "the facts . . . fall squarely within Fifth Amendment analysis." *J.B. Ranch*, 958 F.2d at 309.  Plaintiffs allege that the County's removal of their gates deprived them of their property rights.  "This alleged deprivation is exactly the same one" that Plaintiffs assert has resulted in a violation of their Fifth Amendment rights.  *Rocky Mountain Materials & Asphalt*, 972 F.2d at 311.  Plaintiffs' due process and equal protection claims thus "are subsumed within 'the more particularized protections of the [Takings] Clause.'"  *Bateman*, 89 F.3d at 709 (citation omitted).  As a result, until Plaintiffs receive a "final and definitive pronouncement" in the pending state court inverse condemnation proceeding, Plaintiffs' ancillary constitutional claims are not ripe for review in federal court.  *Id.*

## CONCLUSION

As set forth above, neither Plaintiffs' takings claims under the Fifth Amendment nor Plaintiffs' due process and equal protection claims under the Fourteenth Amendment are ripe for review in federal court.  As a consequence, this action must be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction and Memorandum of Law in Support **[Doc. No. 11]** is granted.

**DATED** this 29th day of September, 2003.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

<u>Attorney for Plaintiffs</u>:
William G. Stripp, Esq.

<u>Attorneys for Defendants</u>:
Sarah M. Singleton, Esq.
Jeff L. Martin, Esq.